IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| COLEY E. BRIGGS, #304082 | * | |
|         Petitioner, | | |
| v. | * | CIVIL ACTION NO. PJM-05-3192 |
| L. W. DOTSON, WARDEN, et al.. | * | |
|         Respondents. | | |
| | *** | |

**MEMORANDUM OPINION**

On July 10, 2001, Petitioner Coley Briggs entered a guilty plea to first degree sexual offense. Paper No. 4, Ex. 1. On September 14, 2001, he was sentenced to 25 years in prison, all but 19 years suspended, and five years probation upon release. *Id*. According to the state court criminal docket, Petitioner did not file for leave to appeal his conviction and sentence. *Id*.

On July 13, 2004, Petitioner initiated post-conviction proceedings in the Circuit Court for Prince Georges County, Maryland. *Id*. A hearing was held on February 9, 2005, and by order filed on March 15, 2005, Circuit Court Judge Thomas Smith denied post-conviction relief. *Id*. Petitioner did not seek leave to appeal Judge Smith's determination.

On November 18, 2005, the Clerk received for filing the instant 28 U.S.C. § 2254 Petition attacking, in part, Briggs's 2001 plea and sentencing proceedings.[1] Respondents were ordered to file an answer and have done so. They argue that the Petition is time-barred. Paper No. 4. Petitioner was afforded the opportunity to file a reply, but has not done so. The Petition may be

---

[1] Petitioner's first ground appears to challenge the circuit court judicial assignments for the plea, sentencing, and modification phases of his criminal proceeding. Paper No. 1 at 6. His second ground seemingly attacks the execution of his sentence with regard to the recommended assignment to Patuxent Institution.. *Id*.

determined without oral hearing. *See* Local Rule 105.6. (D. Md. 2004). For reasons to follow, the Petition shall be denied and dismissed as untimely.

Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), when filing a federal habeas corpus petition pursuant to 28 U.S.C. § 2254, defendants convicted in state court on a non-capital offense are subject to a one-year statute of limitations. *See* 28 U.S.C. § 2244(d).[2] Petitioner was sentenced on September 14, 2001, and did not filed for leave to appeal. Therefore, his conviction and sentence became final on Monday, October 15, 2001. *See* Md. Code. Ann., Cts. & Jud. Proc., Art. § 12-302(e) (appeal of guilty plea is by way of application for leave

---

[2] This section provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

to appeal) and Md. Rule 8-204(b) (application for leave to appeal is to be filed within 30 days after entry of judgment or order form which appeal is sought).

Petitioner had until October 15, 2002, to file his § 2254 Petition. The case was not filed until November of 2005, more than three years after the expiration of the limitation period. Sections 2244(d)(1) & (2) provide for statutory tolling of the limitation period while appellate and post-conviction proceedings are pending. In Petitioner's case, however, no post-conviction proceedings were pending during the time period of October 16, 2001 to July 13, 2004. Therefore, the Petition is not subject to statutory tolling.[3]

The Court finds that Petitioner's habeas attack on his 2001 conviction is time-barred. A separate Order shall be entered dismissing this § 2254 action with prejudice.

February 27, 2006

/s/
PETER J. MESSITTE
UNITED STATES DISTRICT JUDGE

---

[3] The one-year limitation period under § 2254 is, however, additionally subject to equitable tolling. *See Harris v. Hutchinson*, 209 F.3d 325, 328 (4th Cir. 2000). Equitable tolling applies only in "those rare instances where – due to circumstances external to the party's own conduct – it would be unconscionable to enforce the limitation period against the party and gross injustice would result." *Id*. at 330. Petitioner does not mount an equitable tolling argument.

3